1  MARK D. SELWYN (State Bar No. 244180)
   WILMER CUTLER PICKERING
2    HALE AND DORR LLP
   1117 S. California Avenue
3  Palo Alto, California 94304
   Telephone: (650) 858-6000
4  Facsimile: (650) 858-6100
   Mark.Selwyn@wilmerhale.com
5
   Attorney for Defendant STEC, INC.
6

7

8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12  SEAGATE TECHNOLOGY LLC, a          )   CASE NO. 5:08-CV-01950 JW
    Delaware limited liability company; )
13  SEAGATE TECHNOLOGY               )
    INTERNATIONAL, a Cayman Islands   )   **DEFENDANT STEC, INC.'S FIRST**
14  company; SEAGATE SINGAPORE        )   **AMENDED ANSWER TO FIRST**
    INTERNATIONAL HEADQUARTERS        )   **AMENDED COMPLAINT FOR**
15  PTE. LTD., a Singapore corporation; )   **PATENT INFRINGEMENT AND**
    and MAXTOR CORPORATION, a         )   **COUNTERCLAIMS**
16  Delaware corporation,             )
                                      )   **DEMAND FOR JURY TRIAL**
17              Plaintiffs,           )
                                      )
18        v.                          )   Date:  August 25, 2008
                                      )   Time:  10:00 AM
19  STEC, INC., a California Corporation )   Place: Courtroom #8, 4th Floor
                                      )
20              Defendant.            )
                                      )
21  _____    )

22

23        Pursuant to Rules 8, 12 and 13 of the Federal Rules of Civil Procedure and the Local Rules

24  of this Court, the defendant STEC, Inc. ("STEC") answers the allegations of Seagate Technology

25  LLC, Seagate Technology International, Seagate Singapore International Headquarters Pte. Ltd.,

26  and Maxtor Corporation's (collectively, "Seagate") First Amended Complaint For Patent

27  Infringement ("Complaint") and asserts counterclaims as follows:

28

**PARTIES**

1.    STEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the allegations in that paragraph.

2.    STEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the allegations in that paragraph.

3.    STEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the allegations in that paragraph.

4.    STEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the allegations in that paragraph.

5.    STEC admits the allegations in paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6.    STEC admits that the Complaint purports to be an action brought under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.,* and that the Court has subject matter jurisdiction.  STEC denies each and every remaining allegation contained in paragraph 6.

7.    STEC denies the allegations in paragraph 7 of the Complaint.  STEC is not challenging that it is subject to personal jurisdiction in this action.

**INTRADISTRICT ASSIGNMENT**

8.    Paragraph 8 states a legal conclusion for which no answer is required.

**GENERAL ALLEGATIONS**

9.    STEC admits that United States Patent No. 6,404,647 (the "'647 Patent"), entitled "SOLID-STATE MASS MEMORY STORAGE DEVICE," was issued by the United States Patent and Trademark Office on June 11, 2002.  STEC further admits that what purports to be a copy of the '647 Patent is attached to the Complaint as Exhibit A.  STEC is without knowledge or

Defendant's First Amended
Answer and Counterclaims
Case No. 5:08-CV-01950 JW

1   information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of

2   the Complaint and therefore denies those remaining allegations.

3        10.    STEC admits that United States Patent No. 6,849,480 (the "'480 Patent"), entitled

4   "SURFACE MOUNT IC STACKING METHOD AND DEVICE," was issued by the United

5   States Patent and Trademark Office on February 1, 2005. STEC further admits that what purports

6   to be a copy of the '480 Patent is attached to the Complaint as Exhibit B. STEC is without

7   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

8   paragraph 10 of the Complaint and therefore denies those remaining allegations.

9        11.    STEC admits that United States Patent No. 6,336,174 (the "'174 Patent"), entitled

10  "HARDWARE ASSISTED MEMORY BACKUP SYSTEM AND METHOD," was issued by the

11  United States Patent and Trademark Office on January 1, 2002. STEC further admits that what

12  purports to be a copy of the '174 Patent is attached to the Complaint as Exhibit C. STEC is

13  without knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations in paragraph 11 of the Complaint and therefore denies those remaining allegations.

15       12.    STEC admits that United States Patent No. 7,042,664 (the "'664 Patent"), entitled

16  "METHOD AND SYSTEM FOR HOST PROGRAMMABLE DATA STORAGE DEVICE

17  SELF-TESTING," was issued by the United States Patent and Trademark Office on May 9, 2006.

18  STEC further admits that what purports to be a copy of the '664 Patent is attached to the

19  Complaint as Exhibit D. STEC is without knowledge or information sufficient to form a belief as

20  to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies

21  those remaining allegations.

22       13.    STEC admits that United States Patent No. 5,261,058 (the "'058 Patent"), entitled

23  "MULTIPLE MICROCONTROLLER HARD DISK DRIVE CONTROL ARCHITECTURE,"

24  was issued by the United States Patent and Trademark Office on November 9, 1993. STEC

25  further admits that what purports to be a copy of the '058 Patent is attached to the Complaint as

26  Exhibit E. STEC is without knowledge or information sufficient to form a belief as to the truth of

27  the remaining allegations in paragraph 13 of the Complaint and therefore denies those remaining

28  allegations.

Defendant's First Amended
Answer and Counterclaims
Case No. 5:08-CV-01950 JW

**FIRST CLAIM**
**INFRINGEMENT OF THE '647 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

14.    STEC repeats and restates its responses to the allegations of paragraphs 1 through 13 of the Complaint in their entirety.

15.    STEC denies the allegations contained in paragraph 15 of the Complaint.

16.    STEC denies the allegations contained in paragraph 16 of the Complaint.

17.    STEC denies the allegations contained in paragraph 17 of the Complaint.

18.    STEC denies the allegations contained in paragraph 18 of the Complaint.

**SECOND CLAIM**
**INFRINGEMENT OF THE '480 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

19.    STEC repeats and restates its responses to the allegations of paragraphs 1 through 18 of the Complaint in their entirety.

20.    STEC denies the allegations contained in paragraph 20 of the Complaint.

21.    STEC denies the allegations contained in paragraph 21 of the Complaint.

22.    STEC denies the allegations contained in paragraph 22 of the Complaint.

23.    STEC denies the allegations contained in paragraph 23 of the Complaint.

**THIRD CLAIM**
**INFRINGEMENT OF THE '174 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

24.    STEC repeats and restates its responses to the allegations of paragraphs 1 through 23 of the Complaint in their entirety.

25.    STEC denies the allegations contained in paragraph 25 of the Complaint.

26.    STEC denies the allegations contained in paragraph 26 of the Complaint.

27.    STEC denies the allegations contained in paragraph 27 of the Complaint.

28.    STEC denies the allegations contained in paragraph 28 of the Complaint.

**FOURTH CLAIM**
**INFRINGEMENT OF THE '664 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

29.    STEC repeats and restates its responses to the allegations of paragraphs 1 through 28 of the Complaint in their entirety.

Defendant's First Amended
Answer and Counterclaims
Case No. 5:08-CV-01950 JW

1    30.    STEC denies the allegations contained in paragraph 30 of the Complaint.

2    31.    STEC denies the allegations contained in paragraph 31 of the Complaint.

3    32.    STEC denies the allegations contained in paragraph 32 of the Complaint.

4    33.    STEC denies the allegations contained in paragraph 33 of the Complaint.

5

**FIFTH CLAIM**
**INFRINGEMENT OF THE '058 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

6

7    34.    STEC repeats and restates its responses to the allegations of paragraphs 1 through

8    33 of the Complaint in their entirety.

9    35.    STEC denies the allegations contained in paragraph 35 of the Complaint.

10    36.    STEC denies the allegations contained in paragraph 36 of the Complaint.

11    37.    STEC denies the allegations contained in paragraph 37 of the Complaint.

12    38.    STEC denies the allegations contained in paragraph 38 of the Complaint.

13

**PRAYER**

14    39.    STEC denies that Seagate is entitled to any relief requested in paragraphs 39

15    through 46 in the "PRAYER" in the Complaint.

16

**<u>DEFENSES</u>**

17

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

18

19    STEC does not directly infringe and has not directly infringed, either literally or under the

20    doctrine of equivalents, and does not indirectly infringe and has not indirectly infringed, by

21    contributing to infringement or inducing infringement of, any valid and enforceable claim of the

22    '647 Patent, the '480 Patent, the '174 Patent, the '664 Patent, or the '058 Patent (collectively, the

23    "Patents-In-Suit").

24

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

25    One or more claims of each of the Patents-In-Suit are invalid for failing to meet one or

26    more of the requisite statutory and decisional requirements and/or conditions for patentability

27    under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112,

28    and/or 116.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mark Or Give Notice)

On information and belief, Seagate's right to seek damages is limited by its failure to mark its products or otherwise give STEC notice of the Patents-In-Suit.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Seagate is estopped from construing any claim of the Patents-In-Suit to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by STEC in view of the prior art and because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the Patents-In-Suit, because of disclosure or language in the specifications of the Patents-In-Suit, and because of limitations in the claims of the Patents-In-Suit.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

On information and belief, despite Seagate having known or (at a minimum) having had reason to know of STEC and its products' architectures and operation, Seagate has engaged in unreasonable delay in pursuing any rights it may have under at least the '174 Patent and the '058 Patent to the prejudice of STEC.  Accordingly, Seagate's claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Adequate Remedy Other Than Injunctive Relief)

Seagate is not entitled to injunctive relief because any alleged injury to the Seagate is not immediate or irreparable, and Seagate has an adequate remedy at law.

## COUNTERCLAIMS

STEC, Inc. ("STEC") brings these counterclaims against Seagate Technology LLC, Seagate Technology International, Seagate Singapore International Headquarters Pte. Ltd., and Maxtor Corporation (collectively, "Seagate").

**PARTIES**

1.     Counterclaim-plaintiff STEC, Inc. is a company organized and existing under the laws of the state of California with its principal place of business in Santa Ana, California.

2.     Counterclaim-defendant Seagate Technology LLC is, according to the allegations of paragraph 1 of the First Amended Complaint, a company organized and existing under the laws of the state of Delaware with its principal place of business in Scotts Valley, California.

3.     Counterclaim-defendant Seagate Technology International is, according to the allegations of paragraph 2 of the First Amended Complaint, a company organized and existing under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

4.     Counterclaim-defendant Seagate Singapore International Headquarters Pte. Ltd. is, according to the allegations of paragraph 3 of the First Amended Complaint, a company organized and existing under the laws of Singapore with its principal place of business in Singapore.

5.     Counterclaim-defendant Maxtor Corporation is, according to the allegations of paragraph 4 of the First Amended Complaint, a company organized and existing under the laws of the state of Delaware with its principal place of business in Scotts Valley, California.

**JURISDICTION AND VENUE**

6.     This is an action for declaratory relief. This Court has subject matter jurisdiction of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.     Seagate is subject to personal jurisdiction in this District.

8.     Venue for these counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTS**

9.     According to the allegations of paragraphs 9, 10, 12, and 13 of the Complaint, Seagate Technology LLC, Seagate Technology International, and Seagate Singapore International Headquarters Pte. Ltd. claim to be the sole holders of the entire right, title, and interest in the '647 Patent, the '480 Patent, the '664 Patent, and the '058 Patent.

10.     According to the allegations of paragraph 11 of the Complaint, Maxtor Corporation claims to be the sole holder of the entire right, title, and interest in the '174 Patent.

11.    Seagate has accused STEC of directly and/or indirectly making, using, selling and /or offering for sale in and/or importing into the United States products covered by one or more claims of the Patents-In-Suit.  Seagate has also accused STEC of willful infringement of the Patents-In-Suit.  STEC denies that any of its products infringe the Patents-In-Suit and further believes that such patents are invalid and/or unenforceable.

12.    An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of the Patents-In-Suit, and that controversy is ripe for adjudication by this Court.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '647 Patent)

13.    STEC repeats and realleges the allegations contained in paragraphs 1 through 12 of the Counterclaim as if fully set forth herein.

14.    STEC is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '647 Patent.

15.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '647 Patent either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (Declaration of Non-Infringement of the '480 Patent)

16.    STEC repeats and realleges the allegations contained in paragraphs 1 through 15 of the Counterclaim as if fully set forth herein.

17.    STEC is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '480 Patent.

18.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that it has not infringed and is not infringing, directly or

1  indirectly, any valid, enforceable claim of the '480 Patent either literally or under the doctrine of

2  equivalents.

3  **THIRD COUNTERCLAIM**
**(Declaration of Non-Infringement of the '174 Patent)**

4

5       19.    STEC repeats and realleges the allegations contained in paragraphs 1 through 18 of

6  the Counterclaim as if fully set forth herein.

7       20.    STEC is not infringing and has not infringed, directly or indirectly, any valid and

8  enforceable claim of the '174 Patent.

9       21.    To resolve the legal and factual questions raised by Seagate and to afford relief

10  from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is

11  entitled to a declaratory judgment that it has not infringed and is not infringing, directly or

12  indirectly, any valid, enforceable claim of the '174 Patent either literally or under the doctrine of

13  equivalents.

14  **FOURTH COUNTERCLAIM**
**(Declaration of Non-Infringement of the '664 Patent)**

15       22.    STEC repeats and realleges the allegations contained in paragraphs 1 through 21 of

16  the Counterclaim as if fully set forth herein.

17       23.    STEC is not infringing and has not infringed, directly or indirectly, any valid and

18  enforceable claim of the '664 Patent.

19       24.    To resolve the legal and factual questions raised by Seagate and to afford relief

20  from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is

21  entitled to a declaratory judgment that it has not infringed and is not infringing, directly or

22  indirectly, any valid, enforceable claim of the '664 Patent either literally or under the doctrine of

23  equivalents.

24  **FIFTH COUNTERCLAIM**
**(Declaration of Non-Infringement of the '058 Patent)**

25       25.    STEC repeats and realleges the allegations contained in paragraphs 1 through 24 of

26  the Counterclaim as if fully set forth herein.

27

28

Defendant's First Amended
Answer and Counterclaims
Case No. 5:08-CV-01950 JW

26.    STEC is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the '058 Patent.

27.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '058 Patent either literally or under the doctrine of equivalents.

**SIXTH COUNTERCLAIM**
**(Declaration of Invalidity of the '647 Patent)**

28.    STEC repeats and realleges the allegations contained in paragraphs 1 through 27 of the Counterclaim as if fully set forth herein.

29.    One or more claims of the '647 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

30.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the claims of the '647 Patent are invalid.

**SEVENTH COUNTERCLAIM**
**(Declaration of Invalidity of the '480 Patent)**

31.    STEC repeats and realleges the allegations contained in paragraphs 1 through 30 of the Counterclaim as if fully set forth herein.

32.    One or more claims of the '480 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

33.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the claims of the '480 Patent are invalid.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of the '174 Patent)

34.    STEC repeats and realleges the allegations contained in paragraphs 1 through 33 of the Counterclaim as if fully set forth herein.

35.    One or more claims of the '174 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

36.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the claims of the '174 Patent are invalid.

### NINTH COUNTERCLAIM
### (Declaration of Invalidity of the '664 Patent)

37.    STEC repeats and realleges the allegations contained in paragraphs 1 through 36 of the Counterclaim as if fully set forth herein.

38.    One or more claims of the '664 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

39.    To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the claims of the '664 Patent are invalid.

### TENTH COUNTERCLAIM
### (Declaration of Invalidity of the '058 Patent)

40.    STEC repeats and realleges the allegations contained in paragraphs 1 through 39 of the Counterclaim as if fully set forth herein.

41.    One or more claims of the '058 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

42.  To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the claims of the '058 Patent are invalid.

## ELEVENTH COUNTERCLAIM
### (Declaration of Unenforceability of the '174 Patent)

43.  STEC repeats and realleges the allegations contained in paragraphs 1 through 42 of the Counterclaim as if fully set forth herein.

44.  The '174 Patent is unenforceable against STEC because of laches.  On information and belief, despite Seagate having known or (at a minimum) having had reason to know of STEC and its products' architectures and operation, Seagate has engaged in unreasonable delay in pursuing any rights it may have under the '174 Patent to the prejudice of STEC.

45.  To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the '174 Patent is unenforceable.

## TWELFTH COUNTERCLAIM
### (Declaration of Unenforceability of the '058 Patent)

46.  STEC repeats and realleges the allegations contained in paragraphs 1 through 45 of the Counterclaim as if fully set forth herein.

47.  The '058 Patent is unenforceable against STEC because of laches.  On information and belief, despite Seagate having known or (at a minimum) having had reason to know of STEC and its products' architectures and operation, Seagate has engaged in unreasonable delay in pursuing any rights it may have under the '058 Patent to the prejudice of STEC.

48.  To resolve the legal and factual questions raised by Seagate and to afford relief from the uncertainty and controversy which Seagate's accusations have precipitated, STEC is entitled to a declaratory judgment that the '058 Patent is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, STEC requests that this Court enter a judgment in its favor and against Seagate as follows:

A.  Dismiss the Complaint in its entirety, with prejudice;

1    B.    Enter judgment in favor of STEC and against Seagate;

2    C.    Declare that the '647 Patent has not been infringed by STEC;

3    D.    Declare that the '480 Patent has not been infringed by STEC;

4    E.    Declare that the '174 Patent has not been infringed by STEC;

5    F.    Declare that the '664 Patent has not been infringed by STEC;

6    G.    Declare that the '058 Patent has not been infringed by STEC;

7    H.    Declare that the '647 Patent is invalid;

8    I.    Declare that the '480 Patent is invalid;

9    J.    Declare that the '174 Patent is invalid;

10    K.    Declare that the '664 Patent is invalid;

11    L.    Declare that the '058 Patent is invalid;

12    M.    Declare that the '174 Patent is unenforceable;

13    N.    Declare that the '058 Patent is unenforceable;

14    O.    Award STEC its costs (including expert fees), disbursements, and reasonable

15    attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

16    P.    Grant such further relief to STEC as it just and proper.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Defendant's First Amended
Answer and Counterclaims
Case No. 5:08-CV-01950 JW

1

**DEMAND FOR JURY TRIAL**

2

In accordance with Fed. R. Civ. P. 38(b), STEC demands a trial by jury on all issues so

3

triable.

4

5

Dated:  June 9, 2008                        Respectfully submitted,

6

WILMER CUTLER PICKERING

7

HALE AND DORR LLP

8

By:    /s/ Mark D. Selwyn

9

Mark D. Selwyn (Bar No. 244180)

10

mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP

11

1117 S. California Avenue
Palo Alto, CA 94304

12

Telephone:  (650) 858-6000
Facsimile:  (650) 858-5000

13

*Attorneys for Defendant STEC, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's First Amended
Answer and Counterclaims
Case No. 5:08-CV-01950 JW

1

**PROOF OF SERVICE**

2       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 350 South Grand Avenue, Suite 2100,

3    Los Angeles, California 90071.

4       On June 9, 2008, I served the foregoing documents described as **DEFENDANT STEC, INC.'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR**

5    **PATENT INFRINGEMENT AND COUNTERCLAIMS** on each interested party, as stated on the attached service list.

6

7       [X]       (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Wilmer Cutler Pickering Hale and Dorr LLP's electronic mail system to the e-mail

8              address(es), as set forth below.

9       [ ]       (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express Overnight Express, an express service carrier which

10             provides overnight delivery, as follows. I placed a true copy of the foregoing document in sealed envelopes or packages designated by the express service

11             carrier, addressed, as stated on the attached service list, with fees for overnight delivery paid or provided for.

12

13                    [ ]       (BOX DEPOSIT) I deposited such envelopes or packages in a box or other facility regularly maintained by the express service carrier.

14

15      [X]       (U.S. Mail) By putting a true and correct copy thereof, together with a signed copy of this declaration in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth

16             below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the

17             U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served,

18             service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20      Executed on June 9, 2008, at Los Angles, California.

21      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

22

23    _____          s/ Rebecca McNew
          Rebecca McNew                          _____

24        (Type or print name)                    (Signature)

25

26

27

28

1

**SERVICE LIST**

2 | Kurt M. Kjelland, Esq. | Attorney for Plaintiffs
Heller Ehrman LLP

3 | 4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122

4 | Telephone:  858-450-8400
Email:  kurt.kjelland@hellerehrman.com

5

6 | Nitin Subhedar, Esq. | Attorney for Plaintiffs
Heller Ehrman LLP

7 | 275 Middlefield Road
Menlo Park, CA 94025

8 | Telephone:  650-324-7000
Email:  nitin.subhedar@hellerehrman.com

9

Attorney for Plaintiffs

10 | Paul J Wilson, Esq.
Sturgis M. Sobin, Esq.

11 | Heller Ehrman LLP
1717 Rhode Island Ave., NW, Suite 900

12 | Washington, DC 20036
Telephone:  202-912-2000

13 | Email:  paul.wilson@hellerehrman.com
Email:  sturgis.sobin@hellerehrman.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service
Case No. 5:08-cv-01950 JW

US1DOCS 6674127v1