KURT M. KJELLAND (Bar No. 172076)
E-Mail: Kurt.Kjelland@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Tel.: +1 (858) 450-8400;
Fax: +1 (858) 450-8499

Attorneys for Plaintiffs-Counterclaim
Defendants *Seagate Technology LLC,*
*Seagate Technology Int'l, Seagate Singapore*
*Int'l Headquarters Pte. Ltd., and Maxtor Corp.*

MARK D. SELWYN (Bar No. 244180)
E-Mail: mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DOOR LLP
1117 California Avenue
Palo Alto, CA 94304
Tel: +1 (650) 858-6031
Fax: +1 (650) 858-6100

Attorneys for Defendant-Counterclaim Plaintiff
*STEC, Inc.*

Other Counsel Listed on Last Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, a Delaware limited liability company; SEAGATE TECHNOLOGY INTERNATIONAL, a Cayman Islands company; SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD, a Singapore corporation; and MAXTOR CORPORATION, a Delaware corporation,<br><br>                                                          Plaintiffs,<br>     v.<br><br>STEC, INC.,<br>                                                          Defendant.<br>AND RELATED COUNTERCLAIMS. | Case No.: CV 08 1950 JW (HRL)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   August 25, 2008<br>Time:  10 a.m.<br>Place:  Courtroom No. 8, Fourth Floor<br><br>The Honorable James Ware |

JT. CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER: SEAGATE v. STEC, CV 08 1950 JW (HRL)

Plaintiffs Seagate Technology LLC, Seagate Technology International, Seagate Singapore International Headquarters Pte. Ltd., and Maxtor Corp. (collectively, "Seagate") and Defendant STEC, Inc. ("STEC") submit this Joint Case Management Statement and Proposed Case Management Order, and request that the Court adopt the proposed order as its scheduling order in this case.

### 1.    Jurisdiction and Service

The bases for the Court's subject-matter jurisdiction over the claims and counterclaims in this patent-infringement action are 28 U.S.C. §§ 1331 and 1338(a).  No issues exist regarding personal jurisdiction or venue.  No parties remain to be served.

### 2.    Facts

Seagate, based in Scotts Valley, California, manufactures and markets storage devices for use with computers and other electronic devices.  STEC, based in Santa Ana, California, manufactures and markets storage products using Flash memory and Dynamic Random Access Memory ("DRAM") technologies.

On April 14, 2008, Seagate filed this action against STEC, and on May 1, 2008 Seagate filed a first amended complaint contending that STEC has infringed and continues to infringe five patents owned by Seagate (the "asserted patents"):

- United States Patent No. 5,261,058 (entitled "MULTIPLE MICROCONTROLLER HARD DISK DRIVE CONTROL ARCHITECTURE") issued November 9, 1993.
- United States Patent No. 6,336,174 (entitled "HARDWARE ASSISTED MEMORY BACKUP SYSTEM AND METHOD") issued January 1, 2002.
- United States Patent No. 6,404,647 (entitled "SOLID-STATE MASS MEMORY STORAGE DEVICE") issued June 11, 2002.
- United States Patent No. 6,849,480 (entitled "SURFACE MOUNT IC STACKING METHOD AND DEVICE") issued on February 1, 2005.
- United States Patent No. 7,042,664 (entitled "METHOD AND SYSTEM FOR HOST PROGRAMMABLE DATA STORAGE DEVICE SELF-TESTING") issued on May 9, 2006.

1   Seagate contends that STEC has infringed and continues to infringe the asserted patents by
2   making, using, selling, offering for sale, and/or importing into the United States its Zeus Solid State
3   Drive products, Zeus$^{IOPS}$ Solid State Drive products, Zeus$^{IOPS}$ Fibre Channel Solid State Drive
4   products, MACH8 Solid State Drive products, IDE Flash Drive 2.5" (FLD) products, SDRAM
5   modules, DDR modules, and DDR2 modules.  Seagate contends that STEC's infringement is
6   willful. Seagate seeks remedies for STEC's infringement including damages and injunctive relief.

7   STEC answered the first amended complaint on May 15, 2008 and filed a first amended
8   answer on June 9, 2008.  STEC contends that it is not infringing and has not infringed, directly or
9   indirectly, any valid and enforceable claim of any of the patents-in-suit, and denies that Seagate is
10  entitled to any relief.  STEC further alleges that one or more claims of each of the patents-in-suit
11  are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and claims that Seagate cannot
12  enforce its '058 and '174 patents against STEC due to unreasonable delay in asserting those rights.
13  STEC also asserts that Seagate's right to seek damages is limited by its failure to mark its products
14  or otherwise give STEC notice of the patents-in-suit, and that Seagate is not entitled to injunctive
15  relief because any alleged injury to Seagate is not immediate or irreparable, and Seagate has an
16  adequate remedy at law.

17   Seagate disputes these allegations and contends that the asserted patents are valid and
18  enforceable against STEC.

19   **3.    Disputed Issues**

20   The parties anticipate that the following disputed factual and legal issues may need to be
21  resolved as part of this case:

22   - How the claims of the asserted patents should be construed;
23   - Whether STEC's products infringe the claims of the asserted patents;
24   - Whether the asserted patents are valid;
25   - Whether the '058 and '174 patents are unenforceable against STEC due to laches;
26   - If STEC is found to infringe at least one valid claim of an asserted patent, the
27     amount of damages sufficient to compensate Seagate for STEC's infringement;
28   - Whether Seagate's right to seek damages is limited by its failure to mark its products

    or otherwise give STEC notice consistent with 35 U.S.C. § 287;

- If STEC is found to infringe at least one valid claim of an asserted patent, whether an injunction is appropriate;
- If STEC is found to infringe at least one valid claim of an asserted patent, whether such infringement was willful and if so, whether treble damages are appropriate;
- Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4. Motions

There are no pending motions. The parties anticipate claim construction briefing under the Patent Local Rules.

Seagate anticipates that it may file motions for summary judgment and/or summary adjudication, judgment as a matter of law, a permanent injunction, and attorney's fees. Seagate also expects to file pre-trial motions such as motions in limine, and may file discovery motions if the need arises.

STEC anticipates that it may file motions for summary judgment and/or summary adjudication, judgment as a matter of law, and attorney's fees. STEC also expects to file pre-trial motions such as motions in limine, and may file discovery motions if the need arises.

### 5. Amendment of Pleadings

The parties propose setting August 31, 2009 as the deadline for filing motions to amend the pleadings.

### 6. Evidence Preservation

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the issuance of "litigation hold" instructions to preserve such evidence.

### 7. Disclosures

The parties have agreed to exchange initial disclosures on August 18, 2008, pursuant to Federal Rule of Civil Procedure 26(a).

**8. Discovery**

Each side propounded initial sets of written discovery on August 6, 2008. No other discovery has been propounded or taken to date.

### a. Scope of discovery.

The scope of anticipated discovery includes all nonprivileged matter relevant to the claims, counterclaims, and defenses in this action, including STEC's making, using, selling, offering for sale, and/or importing into the United States the products accused of infringing the patents-in-suit or that are manufactured using a method protected by a patent-in-suit; the conception, reduction to practice, design, and development of the inventions claimed in the patents-in-suit; the design, functions, characteristics, and methods of manufacture of the accused products; the design, function, characteristics, and methods of manufacture of any Seagate product that allegedly practices any of the patents-in-suit; ownership of the patents-in-suit; the willfulness of any infringement; damages; injunctive remedies; validity of the patents-in-suit; and the enforceability of the '058 and '174 patents against STEC.

### b. Changes to discovery rules

The parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows.

### c. Discovery Plan.

The parties propose the following discovery plan pursuant to Rule 26(f):

i. **Disclosures:** The parties do not believe any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

ii. **Subjects on which discovery may be needed**: Discovery may be needed on those matters described above in the discussion of the scope of discovery.

iii. **Non-expert discovery cut-off**: The parties propose November 7, 2009, as the cut-off date for non-expert discovery.

iv. **Expert discovery cut-off**: The parties propose February 22, 2010, as the cut-off date for expert discovery.

v.  **Phased, limited, or focused discovery**:  The parties do not believe discovery should be conducted in phases or be limited to or focused on particular issues.

vi.  **Electronically stored information**:  There are no disputes about electronically stored information at this time.  The parties have agreed to produce electronically stored information, except source code and Excel spreadsheets, in .tif format, if it can be converted to that format with reasonable efforts.  If the information cannot be so converted with reasonable efforts, the parties have agreed to produce for each such file a single-page, Bates-numbered placeholder sheet specifying the name and extension of the file that was not converted.  The parties can request production of such files in native format.  Source code, engineering design information using specialized software (e.g., three-dimensional layout drawings), and Excel spreadsheets shall be produced in native format.

vii.  **Claims of privilege or of protection as trial-preparation materials:**

**(a)  Inadvertent Production or Disclosure of Privileged Documents or Information**.
Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of an inadvertently produced document, the Producing Party shall then provide a privilege log identifying such inadvertently produced document.  The Receiving Party may move the Court for an Order compelling production of any inadvertently produced document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content

of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

**b) Discoverability of certain expert materials.** No notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

**viii.    Changes in the limitations on discovery**:

**(a)    Interrogatories:** The parties have agreed that each side (plaintiffs, collectively, on one hand, and STEC on the other) shall be allowed to serve 40 interrogatories on the other side.

**(b)    Requests for admission:** The parties have agreed that each side shall be allowed to serve 100 requests for admission directed to matters other than the authenticity of documents. Requests for admission of the authenticity of documents shall be unlimited.

**(c)    Depositions:**

**(1) Fact Witnesses**

**Seagate's Proposal:** Seagate proposes that each side be permitted a total of 190 hours to depose the other side or its employees, and that each side be permitted to depose non-parties for a total number of hours not to exceed 50 hours.

**STEC's Proposal:** STEC proposes that it be permitted to depose each of the seventeen named inventors of the patents-in-suit, for a total number of hours not to exceed 119, and to depose Seagate (in a 30(b)(6) capacity) and Seagate employees (other than inventors) for a total

number of hours not to exceed 100.  STEC further proposes that Seagate be permitted to depose STEC (in a 30(b)(6) capacity) and STEC employees for a total number of hours not to exceed 100, and that each side be permitted to depose non-parties for a total number of hours not to exceed 50.

**(2) Experts** – The parties agree that depositions of each side's damages experts be limited to 7 hours per expert, and that depositions of each side's technical experts be limited to 7 hours per expert, unless such expert is offering an opinion on both infringement and validity issues, in which case the time for such deposition should be extended by an additional 5 hours. In the event that an expert offers an opinion on more than one patent, the parties further agree that for each additional patent, the time for such deposition should be extended by an additional 5 hours for infringement issues addressed, and 5 hours for validity issues addressed. In the event that a side offers an expert report pertaining to claim construction, the parties agree that any expert deposition will be limited to 4 hours per patent.

ix. **Other orders under Rules 26(c), 16(b), and 16(c):** The parties anticipate that this case will require the production of confidential, highly sensitive information regarding each party's trade secrets and technology.  The parties are preparing a joint protective order to address this issue.

**9.     Class Actions**

This action is not a class action.

**10.     Related Cases**

There are no related cases or proceedings pending before any other judge, court, or administrative body.

**11.     Relief**

**a.     Requested by Seagate**

i. A judgment that STEC has infringed and is infringing at least one claim of the patents-in-suit and that STEC's infringement has been willful.

ii. A permanent injunction of STEC and related entities from infringement of the patents-in-suit.

8

JT. CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER: SEAGATE v. STEC, CV 08 1950 JW (HRL)

    iii.    An accounting from STEC of damages resulting from its infringement of the patents-in-suit.

    iv.    Damages that compensate Seagate for STEC's infringement, in no event less than a reasonable royalty, plus pre-judgment and post-judgment interest.  Seagate cannot calculate damages now because the requisite information is not yet available to it.

    v.    An order trebling damages, based on STEC's willful infringement.

    vi.    An order that this is an exceptional case and awarding Seagate its reasonable attorney's fees and costs pursuant to 35 USC § 285.

    vii.    Judgment on the counterclaims against STEC and in favor of Seagate.

    viii.    Any other relief the Court may deem appropriate and just.

    **b.    Requested by STEC**

    i.    Judgment in STEC's favor and against Seagate.

    ii.    An order dismissing the complaint, with prejudice.

    iii.    Declarations that the patents-in-suit have not been infringed by STEC and are invalid.

    iv.    Declarations that the '174 and '058 Patents are unenforceable against STEC.

    v.    An award to STEC of costs, disbursements, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.

    vi.    Any other relief the Court may deem just and proper.

**12.    Settlement and ADR**

The prospects for settlement are limited due to the early stage of this case.  The parties have conferred about ADR, filed their ADR Certifications, and stipulated to private mediation as their ADR process, with JAMS as the provider.

**13.    Consent To Magistrate Judge For All Purposes**

Seagate has declined to proceed before a magistrate judge for all purposes.

**14.    Other References**

This action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Certain as-yet-undetermined issues may be narrowed by motions, including motions for

summary judgment.  The parties have no suggestions for expediting presentation of evidence at trial, although they will reconsider after the case becomes more defined in the phase immediately before trial.  The parties do not request bifurcation of any issue, claim, or defense at this time.

**16.    Expedited Schedule**

The parties do not believe that this is the kind of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

The parties propose the following dates:

| Event | Deadline | Authority |
|---|---|---|
| Compliance with Patent L.R. 3-1 and 3-2 | Sept. 9, 2008 | Patent L.R. 3-1, 3-2  FRCP 6(a)(2) |
| Compliance with Patent L.R. 3-3 and 3-4 | Oct. 24, 2008 | Patent L.R. 3-3, 3-4 |
| Service of proposed list of claim terms for court construction | Nov. 7, 2008 | Patent L.R. 4-1(a) |
| Service of Preliminary Claim Construction Terms; identification and/or production of supporting specification or prosecution history, and extrinsic evidence | Dec. 1, 2008 | Patent L.R. 4-2(a), (b) |
| Filing of Joint Claim Construction and Prehearing Statement | Dec. 23, 2008 | Patent L.R. 4-3 |
| Cut-off for claim-construction discovery | Jan. 22, 2009 | Patent L.R. 4-4 |
| Filing of Opening Markman brief and supporting evidence | Feb. 6, 2009 | Patent L.R. 4-5(a) |
| File Responsive Markman brief | Feb. 20, 2009 | Patent L.R. 4-5(b) |
| File Markman reply brief | Feb. 27, 2009 | Patent L.R. 4-5(c) |
| File Markman surreply brief | March 6, 2009 | |
| Markman hearing | Mar. 13, 2009 | Patent L.R. 4-6 |
| Non-Expert Discovery Cutoff | Nov. 7, 2009 | None |
| Last day to amend pleading | Aug. 31, 2009 | None |

| Event | Deadline | Authority |
|---|---|---|
| Service of opening expert reports | Nov. 2, 2009 | None |
| Service of expert rebuttal reports | Dec. 21, 2009 | None |
| Expert Discovery Cutoff | Feb. 22, 2010 | None |
| Dispositive Motions (filing) | March. 1, 2010 | None |
| Pretrial Conference | June __, 2010 | None |
| Trial (jury selection) | June __, 2010 | None |

### 18. Trial

The case will be tried to a jury. The expected length of the trial is two to three weeks.

### 19. Disclosure of Non-Party Interested Entities or Persons

Seagate filed its Certification of Interested Entities and Persons, listing Seagate Technology, Seagate Technology (US) Holding, Inc., Seagate Technology HDD Holdings, and Quinta Corp. STEC filed its Certification of Interested Entities and Persons and did not list therein any interested entities or persons.

### 20. Other Matters

There are no other matters that the parties wish to raise now.

August 11, 2008                    Respectfully submitted,

HELLER EHRMAN LLP


By  /s/ *Kurt M. Kjelland*
Kurt M. Kjelland
Counsel for Plaintiffs and Counterclaim Defendants
SEAGATE TECHNOLOGY LLC, SEAGATE
TECHNOLOGY INTERNATIONAL, SEAGATE
SINGAPORE INTERNATIONAL HEADQUARTERS
PTE. LTD., AND MAXTOR CORP.
HELLER EHRMAN LLP

By   /s/ *Mark D. Selwyn*
Mark D. Selwyn
Counsel for Defendant and Counterclaimant
STEC, INC.
WILMER CUTLER PICKERING HALE AND DORR LLP

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and [Proposed] Order are hereby adopted by the Court as the Case Management Order for the case.

Dated: _____        _____
                                THE HONORABLE JAMES WARE
                                UNITED STATES DISTRICT COURT JUDGE

OTHER COUNSEL:

DANIEL S. SILVERMAN (Bar No. 137864)
E-Mail: Dan.Silverman@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Tel.: +1 (858) 450-8400;
Fax: +1 (858) 450-8499

NITIN SUBHEDAR (Bar No. 171802)
E-Mail: Nitin.Subhedar@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Tel.: +1 (650) 324-7000;
Fax: +1 (650) 324-0638

Attorneys for Plaintiffs-Counterclaim
Defendants *Seagate Technology LLC,*
*Seagate Technology Int'l, Seagate Singapore*
*Int'l Headquarters Pte. Ltd., and Maxtor Corp.*


JAMES M. DOWD (admitted *pro hac vice*)
E-Mail: james.dowd@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  2006
Tel.: +1 (202) 663-6000
Fax: +1 (202) 663-6363

Attorneys for Defendant-Counterclaim Plaintiff *STEC, Inc.*