*e-filed 12/19/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC; SEAGATE TECHNOLOGY INTERNATIONAL; SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD; and MAXTOR CORPORATION,<br><br>    Plaintiffs,<br>  v.<br><br>STEC, INC.,<br><br>    Defendant. | No. C08-01950 JW (HRL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF ITS PROPOSED PROTECTIVE ORDER**<br><br>[Re: Docket No. 57] |

Plaintiffs (collectively, "Seagate") allege that defendant's products infringe Seagate's patents. Aware that discovery would likely involve disclosure of confidential and trade secret information, the parties attempted to stipulate to a protective order. Although they agreed on most provisions, the parties disagreed about: (1) whether the protective order should permit Seagate's in-house counsel Steven Haines to view designated "confidential information;" and (2) whether STEC's highly confidential source code should be stored at the offices of Seagate's outside counsel, or in a third party storage facility. Seagate contends that Haines should be allowed to view designated confidential information, and that the source code should be stored at the offices of its outside counsel, and moves for entry of its proposed protective order. STEC opposes the motion.

**LEGAL STANDARD**

Generally, the party seeking a protective order bears the burden of showing good cause for the order to issue. Fed. R. Civ. Pro. 26(c). Here, however, both parties agree to entry of a protective order, generally; they disagree on how much protection that order should provide to STEC's trade secrets. The Ninth Circuit has established a balancing test to use when a party seeks discovery of an opposing party's trade secrets. The test compares "the risk of inadvertent disclosure of trade secrets to a competitor, against the risk ... that protection of ... trade secrets impair[s] prosecution [of the discovering party's] claims." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992). Seagate must establish a sufficient need for STEC's trade secret information, while STEC must establish a sufficient risk of disclosure. Where in-house counsel is involved in "competitive decisionmaking," the risk of disclosure may outweigh the need for the confidential information. *See U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1468 (Fed. Cir. 1984); *Brown Bag*, 960 F.2d at 1470.

**DISCUSSION**

*Haines' Access to STEC's Trade Secrets*

Seagate contends that Haines should be permitted to access designated confidential information because he is not involved in "competitive decisionmaking." Competitive decisionmaking has been defined as "advising on decisions about pricing or design made in light of similar or corresponding information about a competitor." *Brown Bag Software v. Symantec Corp.* 960 F.2d 1465, 1470 (9th Cir. 1992)(*citing U.S. Steel Corp*, 730 F.2d at 1468 n. 3 (internal citations omitted). Haines and Seagate contend that he is not involved in competitive decisionmaking because he does not advise Seagate on decisions about pricing or design made in light of similar or corresponding information about a competitor. Seagate claims that Haines: (1) is a litigation attorney in their litigation group; (2) advises Seagate on litigation and pre-litigation matters; (3) is not admitted to the patent bar; (4) will not participate in re-examination of any patent at issue in this case; (5) will sign the protective order's attachment requiring him to use the materials only for purposes of this case; and (6) will never have access to STEC's source code.

Seagate wants Haines to have access to STEC's confidential information so that he can "have unfiltered communications with Seagate's retained counsel of record," "review and provide input for pleadings and motions," "make informed decisions for Seagate," and "give accurate and informed reports to Seagate's management." However, "the party seeking access must demonstrate that its ability to litigate will be prejudiced, not merely its ability to manage outside litigation counsel." *Intel Corp. V. VIA Technologies,* 198 FRD 525, 528 (N.D. Cal. 2000). Here, Seagate has expressed concern that outside counsel would not be able to share its litigation strategy with Haines to the extent that strategy involved detailed discussion of STEC's trade secrets. Seagate has not, however, shown that its ability to litigate will be prejudiced. The *Brown Bag* court found no prejudice where outside counsel was competent, and had sufficient time to review confidential materials. *Brown Bag,* 960 F.2d at 1471. Here, outside counsel has shown itself to be more than competent. And, as this case is still in its early stages, outside counsel will have sufficient time to review the trade secret materials in its trial preparations.

Moreover, STEC alleges that the potential injury it would suffer from disclosure of its trade secrets is significant because Seagate is actively attempting to enter the market as STEC's direct competitor. Further, STEC believes that Haines is involved in competitive decisionmaking because he: (1) negotiates terms of licensing agreements as part of litigation settlements; (2) interacts with senior executives and competitive decisionmakers; and (3) participates in patent re-examinations. To accommodate Seagate's desire to have Haines provide valuable input in the litigation at hand, STEC has offered to add a third designation of "highly confidential–outside attorneys' eyes only" to the proposed protective order. STEC also agreed that Haines could review unredacted briefs, pleadings and written discovery.

Given the potentially significant injury to STEC if its trade secrets were inadvertently disclosed, its proposed compromises are reasonable. The protective order shall include a third designation of "highly confidential–outside attorneys' eyes only," that shall only be used for trade secret information. Seagate may challenge any such designation under the proposed protective order. In addition, Haines may see all unredacted briefs, pleadings and written discovery so that outside counsel can discuss the crucial parts of the litigation in detail with

3

him. This order is without prejudice to Seagate's ability to seek a modification or exception, should it find itself at a particular disadvantage, or specifically need to disclose pertinent information to Haines.

*Storage of STEC's Source Code*

According to STEC, source code is computer language for the code underlying its software. Because source code is easily copied and manipulated, and because anyone can read it (although not everyone knows what it means), source code is often entitled to special protections. The parties agree that the source code will be stored on a non-networked computer, and that all ports that could be used for copying will be blocked. They also agree that access to the source code computer will be logged, and printing and note-taking will be restricted.

STEC wants its source code stored at Iron Mountain, a third party facility that specializes in storage of sensitive information. At the hearing, STEC explained that Iron Mountain had storage facilities near both the Bay Area and the Washington D.C. offices of Seagate's outside counsel. Seagate contends that STEC's source code should be stored at the offices of its outside counsel. The limitations on access, printing, and copying would be the same at either place. Seagate only asserts that it would be easier for its attorneys to access the source code if it were stored in its office.

No one disputes that the source code is highly sensitive, or that its disclosure would cause serious injury. Applying the *Brown Bag* balancing test, the court concludes that Seagate has not shown enough prejudice to its ability to litigate to overcome STEC's risk of disclosure. The protective order shall require STEC to store its source code at Iron Mountain's Bay Area and Washington D.C. facilities. STEC shall bear the costs of the third party storage.

The parties shall submit a revised stipulated protective order not later than January 7, 2009.

**IT IS SO ORDERED**.

Dated: 12/19/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:08-cv-1950 Notice has been electronically mailed to:**

Carl S. Nadler  carl.nadler@aporter.com

Elizabeth Susan Pehrson  epehrson@cov.com

James M. Dowd  james.dowd@wilmerhale.com

Kevin C. Heffel  kevin.heffel@wilmerhale.com

Kurt Matthew Kjelland  kurt.kjelland@hellerehrman.com, mary.shea@hellerehrman.com, nicole.cunningham@hellerehrman.com

Mark Daniel Selwyn  mark.selwyn@wilmerhale.com, lorna.ejercito@wilmerhale.com

Michael Kenneth Plimack  mplimack@cov.com

Nitin Subhedar  nsubhedar@cov.com

Paul J. Wilson  pwilson@cov.com

Robert T. Haslam , III  rhaslam@cov.com, cchen@cov.com

Scott Schrader  sschrader@cov.com

Simon J. Frankel  sfrankel@cov.com, ncutright@cov.com

Sturgis M. Sobin  ssobin@cov.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

5