*e-filed 1/26/09*

Robert T. Haslam (State Bar No. 71134)
(rhaslam@cov.com)
Elizabeth S. Pehrson (State Bar No. 197302)
(epehrson@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

*Attorney for Plaintiffs Seagate Technology LLC,*
*Seagate Technology International, Seagate Singapore*
*International Headquarters Pte. Ltd., and Maxtor Corporation*

Mark D. Selwyn (State Bar No. 244180)
(mark.selwyn@wilmerhale.com)
Nathan L. Walker (State Bar No. 206128)
(nathan.walker@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorney for Defendant STEC, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, a Delaware limited liability company; SEAGATE TECHNOLOGY INTERNATIONAL, a Cayman Islands company; SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD., a Singapore corporation; and MAXTOR CORPORATION, a Delaware corporation,<br><br>                                    Plaintiffs,<br>     v.<br><br>STEC, Inc., a California corporation.<br><br>                                    Defendant. | Case No. 08-cv-1950 JW HRL<br><br>**STIPULATED [AND PROPOSED]**<br>**PROTECTIVE ORDER**<br>**AS AMENDED BY THE COURT**<br><br><br>Judge:   The Honorable Howard R. Lloyd |

Stipulated Protective Order
Case No. 08-cv-1950 JW HRL

WHEREAS, disclosure and discovery activity in the above-captioned proceeding (the "Proceeding") are likely to involve production of confidential, proprietary, or private information within the meaning of Federal Rule of Civil Procedure 26(c)(7) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted;

WHEREAS, the parties, through their respective counsel, have agreed that a Stipulated Protective Order preserving the confidentiality of certain documents and information is necessary, and seek entry of the same in the United States District Court for the Northern District of California;

WHEREAS, the parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal and further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal; and

WHEREAS, the parties have established good cause for entry of this Stipulated Protective Order;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, THAT:

**Definitions**

1. For the purposes of this Order, the following definitions apply:

(a) "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff);

(b) "Confidential Information": material or information (regardless of how generated, stored or maintained) that constitutes or is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(7), or that the possessor deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive information, or information capable of being utilized for the preparation or prosecution of a trademark, copyright, or patent

1

application dealing with such subject matter, or other information required by law or agreement to be kept confidential;

(c) "Highly Confidential—Outside Attorneys' Eyes Only Information": material or information which constitutes a trade secret of the producing party;

(d) "Source Code": computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module, or materials derived therefrom, as well as other electronic data files used to build and/or compile the computer instructions, such as scripts, Makefiles, and header files, which the producing party deems extremely sensitive so as to require additional protection against unauthorized disclosure;

(e) "Protected Information": any information that a Party in good faith designates as "Confidential Information", "Highly Confidential—Outside Attorneys' Eyes Only Information", or "Source Code Information" under this Stipulated Protective Order;

(f) "Designating Party": a Party or third-party that designates information or items in discovery disclosures, requests, responses, productions or depositions as "Confidential Information", "Highly Confidential—Outside Attorneys' Eyes Only Information", or "Source Code Information";

(g) "Receiving Party": a Party that receives Protected Information from a Designating Party;

(h) "Outside Counsel": attorneys who are not employees of a party but who are retained to represent or advise a party in this action;

(i) "In-House Counsel": attorneys who are employees of a party;

(j) "Counsel" (without qualifier): Outside Counsel and/or In-House Counsel (as well as their support staffs);

(k) "Expert": a person with specialized knowledge or experience in a matter pertinent to the Proceeding who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of

2

a party or a competitor of a party. This definition includes a professional jury or trial consultant retained in connection with this Proceeding;

    (l)    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors; and

    (m)    "Agreement": the "Agreement to Be Bound by Protective Order" attached as Exhibit A hereto.

### Scope

2. The protections conferred by this Order cover not only Protected Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Information. Protected Information of the other Party or a third-party shall be used solely for purposes of this case, and shall not be used by a Receiving Party for any research, development, manufacture, intellectual property (i.e., patent, copyright, or trademark) filing or prosecution, financial, commercial, marketing, business, regulatory, or other competitive purpose.

### Duration

3. Even after the termination of this Proceeding, including any final judgment, appeal, or settlement, the confidentiality obligations imposed by this Order as to Protected Information shall remain in effect until the Designating Party of that Protected Information agrees otherwise in writing or a court order otherwise directs.

### Designation Procedure

4. Any document or thing that constitutes or contains Confidential Information shall be stamped with the legend "CONFIDENTIAL," or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page that contains such Confidential Information. Any document or thing that constitutes or contains Highly Confidential—Outside Attorneys' Eyes Only Information shall be stamped with the legend "HIGHLY CONFIDENTIAL—OUTSIDE

1  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'
2  EYES ONLY—SUBJECT TO PROTECTIVE ORDER" on each page that contains such Highly
3  Confidential—Outside Attorneys' Eyes Only Information.  Any document or thing that constitutes
4  or contains Source Code shall be stamped with the legend "SOURCE CODE" or "SOURCE CODE
5  – SUBJECT TO PROTECTIVE ORDER" on each page that contains such Source Code by the
6  Designating Party producing it.  Anything that cannot be so marked on its face shall be marked by
7  placing the appropriate legend on a container or package in which the thing is produced or on a tag
8  attached thereto.

9       5. Any material provided for inspection in this Proceeding by a Designating Party is to
10 be treated by the Receiving Party as Highly Confidential—Outside Attorneys' Eyes Only
11 Information pending the copying and delivery of any copies of the same by the Designating Party.
12 Inspection of documents or things by any Party shall be conducted only by Outside Counsel and
13 Experts eligible to view such information as set forth herein.  After production, the information in
14 such documents or things will be treated consistent with any legend produced on each document or
15 thing.

16      6. Any disclosure, written interrogatories, requests for admission, responses thereto, or
17 any testimony adduced at a deposition upon written questions that constitutes or contains Protected
18 Information shall be labeled or marked with the legend "[CONFIDENTIAL] [SOURCE CODE]
19 [HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY] – SUBJECT TO
20 PROTECTIVE ORDER"  by the Designating Party serving the disclosure, discovery request or
21 response, or providing the testimony on the first page of that document near the caption.  Another
22 label with the appropriate legend shall be set forth at the beginning of every disclosure section,
23 discovery request or response, or testimony in response to a written question, that specifically
24 contains Protected Information, so that disclosures, discovery requests or responses, or testimony
25 that do not contain Protected Information are not subject to this Order.

26      7. Transcripts of deposition testimony taken in connection with this Proceeding
27 temporarily will be designated as Highly Confidential—Outside Attorneys' Eyes Only Information
28 for up to thirty (30) calendar days from both Parties' receipt of the deposition transcript.  Within

4

thirty (30) calendar days of such receipt, any Designating Party must designate as Protected Information all or part of the deposition transcript by notifying the Parties and the Court reporter for that deposition in writing, at which time any testimony not so designated will no longer be treated as Highly Confidential—Outside Attorneys' Eyes Only Information. To the extent any Source Code is to be used at a deposition, the party taking the deposition shall state its intent to use Source Code on the record before introducing the Source Code. Transcript pages containing Protected Information, as well as exhibits containing Protected Information, must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY", or "SOURCE CODE," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

**EXCEPT AS ORDERED BY THE COURT**     **Access to Protected Information**

8. ✓ Confidential Information may be disclosed only to the following "Qualified Persons":

    a.     Outside Counsel, the paralegals, assistants, and employees of the respective law firms of such Outside Counsel to the extent such persons' duties and responsibilities require access to Confidential Information and to the extent they have an agreement with their respective law firms to maintain the confidentiality of their work;

    b.     Steven Haines, in-house counsel for Seagate, provided that Mr. Haines is not directly responsible for or involved in patent prosecution (excluding re-examination), and that Mr. Haines signs the Agreement attached as Exhibit A;

    c.     Any Expert of a Party that is assisting Outside Counsel in connection with this Proceeding and is in compliance with the requirements of paragraphs 13-14 herein;

    d.     the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding and stenographic employees, court reporters, typists, interpreters, and translators for the sole purpose of recording, transcribing, translating or interpreting testimony, documents, or other information relating to this Proceeding;

5

  e. any person who prepared a particular document or thing, who is either listed on the document or otherwise identified in writing or electronically as a sender or recipient of the document, but the disclosure shall be limited to the specific Confidential Information disclosed in the particular document or thing;

  f. any person to whom the Designating Party agrees Confidential Information may be disclosed; and

  g. Professional Vendors with whom Outside Counsel work in connection with this Proceeding to the extent such persons have an express agreement with Outside Counsel to maintain the confidentiality of their work, and provided that such personnel are regularly engaged in the provision of such services, and are solely using the Protected Information for purposes of supporting Outside Counsel in this litigation.

9. "Highly Confidential—Outside Attorneys Eyes Only Information" may be disclosed only to those persons identified in paragraphs 8(a), (c), (d), (e), (f), and (g).

10. Source Code produced pursuant to this protective order shall be subject to the following additional restrictions:

  a. Source Code may be disclosed only to those persons identified in paragraphs 8(a), (c), (d), (e), (f), and (g), provided however, that any Expert under paragraph 8(c) may only view Source Code, if such Expert agrees that he/she will not work in or provide any non-litigation consulting related to memory products to any company selling memory products for a period of two years after the conclusion of this case.

  b. Because of the extremely confidential nature of Source Code, the following special protections will apply to its production and use by a Party. All Source Code produced in accordance with paragraph 10(b)(i) of this Stipulated Protective Order shall be deemed to be designated as "Source Code" under this protective order, whether or not any legend actually appears on the Source Code.

   (i) All Source Code will be made available by the Designating Party to the Receiving Party's Outside Counsel and/or Experts as specified in this Paragraph 10 at one or more secure site(s) in native electronic format, and the Receiving Party's Outside Counsel and/or

6

Experts may access it in electronic format only on a standalone computer ("Standalone Computer"). STEC, in its discretion, shall make its Source Code available at either the Washington, D.C. and Palo Alto offices of STEC's outside counsel, or at Iron Mountain's Bay Area and Washington, D.C. facilities. Seagate, in its discretion, shall make its Source Code available either at Iron Mountain's Bay Area and Washington, D.C. facilities or at the San Francisco and Washington D.C. offices of Seagate's outside counsel. All ports, software, and other avenues that could be used to copy or transfer such data from the Standalone Computer (including, without limitation, USB drives, floppy drives, network drives) shall be blocked. All Source Code will be located in a folder entitled "Source Code" on the Standalone Computer. No electronic copies of the Source Code shall be made.

   (ii) Each time a person accesses the Standalone Computer, the person shall sign a sign-in sheet prior to, and sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

   (iii) The Receiving Party's Outside Counsel and/or Expert shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party shall not have the right to, and agrees not to, copy, transmit, or duplicate Source Code, including scanning or otherwise creating an electronic image, except as set forth below:

    (a) A printer shall be attached to the Standalone Computer and the Receiving Party shall make no more than 1000 total pages or hard copies of Source Code if they in good faith consider it to be necessary to proving the elements of their case. The Receiving Party may print portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of the case. The Designating Party shall provide special paper for the printing of Source Code with consecutive bates numbers bearing the legend "CONFIDENTIAL SOURCE CODE INFORMATION," which the Receiving Party must use for any printing of hard copies.

     (b) Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the Designating Party along with an identification of when the copies were made and who made them.

     (c) The Receiving Party shall keep a log including: (i) the custodian of each copy of any Source Code, (ii) the name of all persons accessing the Source Code, and (iii) the date and time of access to the Source Code.

     (d) The Receiving Party shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

     (e) The Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purpose for which such part of the Source Code is used.  To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY INFORMATION or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY INFORMATION.

  11. Notwithstanding anything else in this Order, Mr. Haines may see all unredacted briefs, pleadings, and written discovery of any Designating Party, including drafts thereof, regardless of the designation applied to the pleading, discovery, or brief, provided, however, that Mr. Haines shall be not be given access to any STEC Bates-numbered attachments to the foregoing documents which are designated as Highly Confidential—Outside Attorneys' Eyes Only Information or Source Code.

  12. All Protected Information and any copies or extracts thereof shall be retained by the Receiving Party, including Qualified Persons associated with the Receiving Party, in a secure and

safe area and the Receiving Party shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material.

13. Before disclosing Protected Information to any Expert, Counsel shall:

    a. provide to such person a copy of this Order, which he or she shall read and upon reading shall complete and sign the Agreement;

    b. obtain from such person a completed and signed copy of said Agreement, a resume (curriculum vitae), and the following information, (i) the witness's qualifications, including a list of all publications authored in the previous 10 years, and (ii) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;

    c. for every such person, serve (by hand delivery, courier, e-mail, or facsimile transmission) a copy of said Agreement, resume (curriculum vitae) and information described in paragraph 13(b) upon Counsel for the Designating Party.

14. Upon receipt of an Agreement and resume (curriculum vitae) and information described in paragraph 13(b) of an Expert, the Designating Party shall then have ten (10) court days to serve (by hand delivery, same day courier, e-mail, or facsimile transmission) a written objection to the proposed disclosure of its Protected Information, which shall state with specificity the reason(s) for such objection. If counsel for the Designating Party objects within ten (10) court days, there shall be no disclosure to such Expert except by further order of the Court pursuant to a motion brought by the Designating Party within seven (7) court days of the service of the objection. On any motion brought pursuant to this paragraph, the Designating Party shall bear the burden of showing why disclosure to that Expert should be precluded. Failure to timely object and to timely file a motion with the Court operates as a waiver of the objection by the Designating Party and the Expert will be a Qualified Person with access to the Designating Party's Protected Information.

15. Nothing shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

16. Nothing contained in this Order shall preclude any Designating Party from using its own Protected Information in any manner it sees fit, without prior consent of any Party or the Court.

17. Notwithstanding such designation, Protected Information does not include information obtained independent of this Proceeding as to which no obligation of confidentiality applies. Accordingly, nothing in this Order shall prevent any person, including a Qualified Person, from making use of any information that is designated Protected Information if such information:

    a. was lawfully in his or her possession prior to receipt under the provisions of this Order;

    b. was or becomes available to the public through no fault of a Receiving Party; or

    c. was or is obtained from a source not under an obligation of secrecy to the Designating Party.

18. Nothing in this Order shall restrict any Party's Outside Counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Protected Information, provided that in rendering such advice, counsel shall not disclose any other Designating Party's Protected Information other than in a manner provided for in this Order.

### **Challenging Designation of Protected Information**

19. A Party shall not be obligated to challenge the propriety of a designation of Protected Information (or change in designation) at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

20. In the event that a Party disagrees at any time with a Protected Information designation made by a Designating Party, the following procedure shall be used:

    (a) A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must meet and confer with counsel for the Designating Party in voice to voice dialogue; other forms of communication are not sufficient. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

Protected Information, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or the Designating Party has failed to engage in this meet and confer process within ten (10) court days of the challenging Party's first attempt to begin the process.

(b) A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in paragraph (a) and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

(c) On any motions arising out of the designation of any material as Protected Information under this Order, the burden of justifying the designation shall lie with the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation, including requesting that any Protected Information submitted to the Court in connection with the motion be filed under seal.

**Exercise of Restraint and Care in Designating Material for Protection**

21. No party shall use any aspect of this order, including but not limited to designation of documents, motions for de-designation, or requests to file material under seal pursuant to Civil Local Rule 79-5, for purposes of harassment or to impose an unnecessary expense or burden on the opposing party.

**Inadvertent Production/Use of Protected Information and Changes in Designation**

22. Inadvertent production of any document or information without a designation as Protected Information will not be deemed to waive a later claim as to its Protected nature or stop

the Designating Party from designating said document or information as Protected Information at a later date.

23.   Any Designating Party may change a designation to Protected Information (or withdraw a designation) regarding any material that it has produced, provided, however, that such change in designation shall be effective only as of the date of such change.  Such change in designation (or withdrawal) shall be accomplished by notifying each Party in writing of such change in designation (or withdrawal).

24.   Upon receipt of any written change in designation, a Party shall: (i) not make any further disclosure or communication of such newly designated Protected Information except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any Protected Information with the original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated Protected Information from any persons known to have possession of any such originally designated material who are not Qualified Persons under paragraphs 8-10 herein in light of the change of designation to the extent practicable.  Properly marked documents shall be promptly provided by the Designating Party of any such newly designated Protected Information.

25.   If Protected Information is used during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during and subsequent to such use.  If Protected Information is disclosed to a deposition witness in contravention of other provisions of this Order, and the witness has testified concerning that information, the witness may be cross-examined with respect to the document(s) or information disclosed during that deposition.

26.   If Protected Information is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall within five (5) court days of learning of such disclosure inform the Designating Party of all pertinent facts relating to such disclosure and shall use reasonable efforts to obtain the prompt return of any such Protected Information and to bind each unauthorized person or third-party who received such information to

12

the terms of this Order by providing a copy of this Order to such unauthorized person or third-party and requesting such unauthorized person or third-party to sign the Agreement. The requirements set forth in this paragraph shall not prevent the Designating Party from applying to the Court for further or additional relief.

**Use of Protected Information in Filings and in Open Court**

27. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

28. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Information, including quotations or other parts thereof, of the Designating Party. A Designating Party may file in the public record any Protected Information it has designated and such filing, unless inadvertent, will result in that information no longer being subject to this Order.

29. A Party that seeks to file under seal any Protected Information must comply with Civil Local Rule 79-5. In addition, the Party should indicate the source and level of confidentiality on the first page of the pleading or other document to be filed under seal in the form "SUBMITTED UNDER SEAL – [CONFIDENTIAL INFORMATION] [HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY INFORMATION] [SOURCE CODE] OF [DESIGNATING PARTY]" so as to enable the Receiving Parties to identify the appropriate Qualified Persons that may view the filing. If a Party seeks to file under seal Protected Information designated by a third-party, at the time of the filing, it shall serve the third-party with a copy of the motion to file under seal and those portions of the pleading to be sealed which contain the third-party's Protected Information. The third party shall then be required to respond pursuant to Civil Local Rule 79-5. By designating material pursuant to this Stipulated Protective Order, the third-party hereby consents that the terms of this Order shall apply to its Protected Information.

30. To the extent that a Receiving Party (or a witness called by a Receiving Party) contemplates using Protected Information that was produced by another Designating Party, at trial or a hearing in open court in this Proceeding, the Receiving Party shall have the obligation to

13

Stipulated Protective Order
Case No. 08-cv-1950 JW HRL

provide notice (either in writing or in open court) to the Designating Party of its intent. The Designating Party shall have an opportunity to respond to that notice before any of its Protected Information may be used by any Party at trial or a hearing in open court. In the event that any Protected Information is used at trial or hearing in open court in this Proceeding because a request to conduct the trial or hearing in closed court or in camera was not granted, the Protected Information shall remain subject to this Order.

## Disposition of Protected Materials upon Conclusion of Proceeding

31. Upon the conclusion of this Proceeding, Protected Information shall be destroyed or returned within ninety (90) calendar days to the Designating Party, provided, however, that Outside Counsel may retain all documents and things that contain or reflect their attorney work product (e.g., notes, memoranda, drafts of pleadings, deposition summaries, document review summaries, documents reviewed in preparation for depositions, hearings, or trial whether introduced or not), all correspondence, all pleadings, all deposition transcripts, all Expert reports, all deposition, hearing and trial exhibits, and all court filed documents even though they contain Protected Information, but such retained work product and documents shall remain subject to the terms of this Order. In addition, Outside Counsel is not required to destroy back-up tapes that are used for disaster recovery that may contain Protected Information. Accordingly, upon final termination of this action, no one other than Outside Counsel shall retain any Protected Information obtained in the course of this Proceeding. At the written request of the Designating Party, any person or entity having received recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing its Protected Information shall deliver to the Designating Party a declaration confirming that reasonable efforts have been made to assure that all such Protected Information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Protected Information (except for attorney work product and documents permitted to be retained by Outside Counsel as stated above), have been destroyed or delivered in accordance with the terms of this Order.

**THE COURT AND**

**Protected Information Subpoenaed or Ordered Produced in Other Litigation**

32. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or SOURCE CODE, the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order are the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**Unauthorized Disclosure of Protected Material**

33. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15

### Miscellaneous Provisions

34. This Order shall be binding upon the parties to this Proceeding and signatories to the Agreement, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

35. This Order shall apply to all information and material produced in this Proceeding, including all previously produced information and material prior to the execution of this Order by the Court.

36. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible as proof of a claim or defense in this Proceeding and in no way constitutes an admission by any Party that any information designated pursuant to this Order is or is not proprietary, confidential, and/or a trade secret.

37. Only upon motion and order of the Court may the terms of this Order be amended or modified.

38. Nothing in this Order shall prejudice the right of any Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

39. In the event that a new Party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

40. The entry of this Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c), and each Party reserves the right to seek modification of this Order in the future.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: 1/22/09                          COVINGTON & BURLING LLP

By /s/ *Elizabeth S. Pehrson*

Elizabeth S. Pehrson
Attorney for Plaintiffs
SEAGATE TECHNOLOGY LLC et al.

Dated: 1/22/09

WILMER CUTLER PICKERING HALE AND DORR LLP

By /s/ *Nathan L. Walker (with permission)*
Nathan L. Walker
Attorney for Defendant
STEC, INC.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: 1/23/09

_____
UNITED STATES MAGISTRATE JUDGE

17

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, a Delaware limited liability company; SEAGATE TECHNOLOGY INTERNATIONAL, a Cayman Islands company; SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD., a Singapore corporation; and MAXTOR CORPORATION, a Delaware corporation,<br><br>       Plaintiffs,<br>v.<br>STEC, Inc., a California corporation.<br><br>       Defendant. | Case No. 08-cv-1950 JW HRL<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**<br><br>Judge: The Honorable Howard R. Lloyd |

  I, _____, of _____ declare under penalty of perjury of the laws of the United States that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Seagate Technology LLC et al. v. STEC, Inc*.

  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Protected Information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, and will use only for purposes of this action, any information, documents or things designated as containing Protected Information, including the substance and any copy, summary, abstract, excerpt, index or description

18

of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items, which I receive in this action, except as allowed in accordance with this Order.  I will take reasonable steps to restrict access to any Protected Information to only those Qualified Persons authorized by the Stipulated Protective Order to have such access.

I will return all materials containing Protected Information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or from whom I received such material when requested to do so.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

_____